National Bank of Plattsburgh, N. Y., on or before the time of his entering said institute, in consideration of the promise of the claimant to give up his employment, and prepare himself to enter said Pratt Institute, and if able to pass the entrance examinations to enter upon a course of instruction there covering a period of two years. The Statute of Frauds was raised as a defense.

*Joseph A. Lawson* for appellants.

*John H. Booth* for respondent.

Order affirmed, with costs payable out of the estate; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE and ANDREWS, JJ.    Absent: LEHMAN, J.

---

In the Matter of the Claim of ANNA M. O'HARE, Respondent, against THE CITY OF BUFFALO, Appellant.

In the Matter of the Claim of HAZEL PHELPS, Respondent, against THE CITY OF BUFFALO, Appellant.

*Buffalo (city of) — claim against city for personal injuries — authority of court to extend time for personal examination under section 344 of charter.*

*Matter of O'Hare* v. *City of Buffalo,* 209 App. Div. 847, affirmed.

*Matter of Phelps* v. *City of Buffalo,* 209 App. Div. 847, affirmed.

(Argued September 29, 1924; decided October 14, 1924.)

APPEAL, in each of the above-entitled actions, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 7, 1924, which affirmed an order of Special Term directing the corporation counsel of the city of Buffalo to examine the claimant and extending the time within which to conduct such examination.

The following question was certified: " Did the judge here have discretionary power under section 344 of the charter of the city of Buffalo to grant an extension of the examination period specified therein? "

*Frederic C. Rupp,* Corporation Counsel (*Gregory U. Harmon* of counsel), for appellant.

*Harry E. Harding* for respondents.

33

Order in each case affirmed, with costs; question certified answered in the affirmative; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Absent: LEHMAN, J.

---

JAMES D. McCAULEY, Respondent, *v.* GEORGIA RAILROAD BANK, Appellant.

*Corporations — attachment — jurisdiction — resident of this State may maintain action in courts of this State against foreign corporation on assignment from another foreign corporation.*

McCauley v. *Georgia Railroad Bank*, 209 App. Div. 886, affirmed.
(Argued September 29, 1924; decided October 14, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 2, 1924, which affirmed an order of Special Term denying a motion to vacate a warrant of attachment.

The following question was certified: "May a resident of the State of New York who holds an assignment from a foreign corporation of a cause of action against a foreign corporation, which assignment has been made to enable the resident to bring suit, maintain an action in the courts of the State of New York where the assignor corporation could not sue because the case does not fall within the provisions of section 47 of the General Corporation Law?"

*Hamilton M. Dawes* and *C. Westley Abbott* for appellant. *Vermont Hatch* for respondent.

Order affirmed, with costs, question certified answered in the affirmative on authority of *McBride* v. *Farmers Bank* (26 N. Y. 450); no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Absent: LEHMAN, J.